UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 JAN 20  PM 2:30

| | | |
|---|---|---|
| LANCE F. MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-226 |
| | ) | |
| BAYER AG-USA, | ) | |
| MONSANTO CHEMICAL CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER**
**GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA***
***PAUPERIS*, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND**
(Docs. 1, 1-2)

Plaintiff Lance F. Mason, representing himself, seeks to bring personal injury claims against Bayer AG-USA and Monsanto Chemical Company as well as John and Jane Does "to be mentioned." (Doc. 1-2.) Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") is GRANTED. However, for the reasons set forth below, Plaintiff's Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B).

**I.  Allegations of Plaintiff's Proposed Complaint.**

In this action, Plaintiff alleges that "PCBs are toxic industrial chemicals [that are] now banned that have accumulated in plants, fish, birds and people for decades[.]" (Doc. 1-2 at 6.) He states that "PC[B]s were found during renovations to the existing building housing the Burlington Technical Center," *id.*, and asserts that he was a student there in the 1980s who was exposed to PCBs and "Monsanto Chemical failed to warn or regard that risk." *Id.* at 8. Plaintiff avers that:

> he has suffered acute ADHD, bi-polar and mental disabilities and life-long learning curves the mounting concerns to this Plaintiff about PCB exposure and the implications as a student therein, lack of personal awareness as to the injury or injuries suffered and the lasting effects on the B[urlington]

> H[igh] S[chool] grounds. Contaminated dirt, water supply, this Plaintiff since his stint therein BHS on the grounds attending class unaware that a cancer monster was hiding in the rafters while Plaintiff was trying to achieve a high school degree.

*Id.* at 9-10.

Plaintiff alleges "Bayer-AG USA [and] Monsanto secretly poisoned Plaintiff [twenty-five] years ago or longer[.]" (Doc. 1-2 at 10-11.) Plaintiff states he may have cancer and "demands [Monsanto] pay[] for any and all medical diagnosis to prove otherwise[.]" *Id.* at 11. Plaintiff further alleges:

> As a direct and proximate result of the alle[]ged exposure to PCBs and negligen[ce] of the Monsanto Company, . . . Plaintiff . . . has suffered illness[s]es, unexplained mental learning impairments, cancer alle[]ged or to be determined by medical diagnosis, loss of life, liberty and limb, these disabling disabilities are ongoing continuing at the present time wherefore as a result of these injuries Plaintiff has incur[r]ed a host of medical expenses, loss of earnings, pain ongoing irreversible cause of damages to the body, mind and due to this disfigurement[,] Plaintiff seeks an aggregate sum of at least $5,000,000.

*Id.* at 12-13. Plaintiff seeks $3,000,000 in punitive damages. *Id.* at 15.

**II.  Conclusions of Law and Analysis.**

**A.  28 U.S.C. § 1915(e)(2)(B) Review.**

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Further, a district court must dismiss a case if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). All complaints, however, must contain grounds for the court's subject matter jurisdiction as

well as "sufficient factual matter[] . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.* at 678 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8 requires that a complaint in a civil case contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10(b) requires that each paragraph be numbered and allege a single set of facts. Rule 11 requires the complaint be signed by the plaintiff, contain the plaintiff's address, e-mail address, and telephone number, and ensure that the complaint's factual allegations have a good faith factual and legal basis. *See* Fed. R. Civ. P. 11(a), (b)(3).

Plaintiff's proposed Complaint does not state a sufficient ground for the court's subject matter jurisdiction. Plaintiff asserts the court has diversity jurisdiction because he is a Vermont resident and "Bayer AG-USA [t]he defendant . . . Monsanto Chemical Co.[] is incorporated under the laws of the State of [] Vermont, and has its principal place of business in the State of [] Missouri[.]" (Doc. 1-2 at 3). Under § 1332, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Taking Plaintiff's allegations as true, this court may not exercise diversity jurisdiction because complete diversity of citizenship is lacking. *See id.* § 1332(a) (requiring that the amount

3

in controversy in the case exceed $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States"); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "plaintiffs . . . be citizens of states diverse from those of all defendants"). Plaintiff does not allege federal question jurisdiction either because his only claim appears to be a state law claim of negligence. *See* Doc. 1-2 at 3, 8-12; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (explaining that to invoke federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must "plead a colorable claim 'arising under' the Constitution or laws of the United States").

Even if the court could exercise subject matter jurisdiction, the proposed Complaint does not contain a sufficient statement of the claim Plaintiff seeks to assert. It appears that Plaintiff may be attempting to state a toxic tort claim with both damages and medical monitoring as remedies. To state a negligence claim under Vermont law, a plaintiff must allege the defendant owed him or her a duty, the defendant breached that duty, the defendant's breach was the proximate cause of injury to plaintiff, and plaintiff suffered actual damages. *See Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14, 209 Vt. 514, 520, 208 A.3d 609, 614. "Dismissal of a negligence action is appropriate where the plaintiff has not pled facts that, if true, could establish that the defendant had a duty of care to the plaintiff." *Id.*, 2019 VT 16, ¶ 14, 209 Vt. at 521, 208 A.3d at 614.

The Vermont Supreme Court has held that a plaintiff seeking money damages for personal injury due to exposure to a toxic substance must ultimately "point to evidence suggesting a probability, rather than a mere possibility, that (1) he was exposed to the specified chemical at a level that could have caused his physical condition (general causation); and (2) the exposure to that chemical did in fact result in the condition (specific causation)." *Blanchard v. Goodyear Tire & Rubber Co.*, 2011 VT 85, ¶ 5, 190 Vt. 577, 30 A.3d 1271. To meet this burden, "plaintiffs in toxic exposure cases must demonstrate specific causation by submitting evidence concerning the amount, duration, intensity, and frequency of exposure." *Id.* at ¶ 6 (internal quotation marks omitted).

4

Plaintiffs seeking the remedy of medical monitoring must allege:

[1] Exposure at a rate significantly greater than the general population;

[2] To a proven hazardous substance;

[3] As the result of tortious conduct of the defendant;

[4] As a proximate result of the exposure, plaintiffs have suffered an increased risk of serious disease;

[5] The increased risk makes it medically necessary for the plaintiffs to undergo periodic examination different from that prescribed for the general population in the absence of exposure; and

[6] Monitoring procedures exist which are reasonable in cost and safe for use.

*Sullivan v. Saint-Gobain Performance Plastics Corp.*, 431 F. Supp. 3d 448, 467 (D. Vt. 2019).

As Plaintiff has not alleged all the essential elements of a negligence claim, or the elements required for a medical monitoring remedy, the proposed Complaint also may warrant dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). Accordingly, Plaintiff may file an amended complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

An Amended Complaint must set forth a factual and legal basis for this court's subject matter jurisdiction and state a claim for which relief may be granted. It must include Plaintiff's factual allegations in their entirety and must set forth the claims he

alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and with Plaintiff's original signature as required by Rule 11. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se Litigant Guide*, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED; however, having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's Complaint (Doc. 1-2) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is GRANTED leave to file a proposed Amended Complaint that will also be subject to review under § 1915(e)(2)(B), no later than February 24, 2023. Failure to do so shall result in dismissal of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of January, 2023.

Christina Reiss, District Judge
United States District Court